1   ARMOND M. JACKSON, Bar No. 281547
    ajackson@jlaw-pc.com
2   JACKSON LAW, APC
    2 Venture Plaza, Suite 240
3   Irvine, CA 92618
    Telephone:   949.281.6857
4   Fax No.:     949.777.6218

5
    Attorney for Plaintiff JORGE CHACON
6
    BEVIN ALLEN PIKE (SBN 221936)
7   Bevin.Pike@capstonelawyers.com
    ORLANDO VILLALBA (SBN 232165)
8   Orlando.Villalba@capstonelawyers.com
    JOSEPH HAKAKIAN (SBN 323011)
9   Joseph.Hakakian@capstonelawyers.com
    CAPSTONE LAW APC
10  1875 Century Park East, Suite 1000
    Los Angeles, California 90067
11  Telephone:    (310) 556-4811
    Facsimile:    (310) 943-0396

12

# UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 14  JORGE CHACON, SAMANTHA DIAZ as individuals and on behalf of others similarly situated, | Case No.  8:19-cv-00564 JLS (DFMx) |
| 15 | ASSIGNED TO DISTRICT JUDGE JOSEPHINE L. STATON |
| 16              Plaintiff, | |
| 17       vs. | **FIRST AMENDED CLASS ACTION CLAIMS** |
| 18 | |
| 19  EXPRESS FASHION OPERATIONS, LLC, a Delaware limited liability company, | **COMPLAINT FOR:** |
| 20  EXPRESS, INC., a Delaware corporation, EXPRESS FASHION APPAREL, LLC, a | 1.  **CLAIM FOR FAILURE TO PAY OVERTIME (LAB. CODE §§ 1194, 510, 1198, IWC WAGE ORDER 7, § 3)** |
| 21  Delaware limited liability company, EXPRESS, LLC, a Delaware limited liability | |
| 22  company, and DOES 1-50, inclusive, | 2.  **CLAIM FOR FAILURE TO PAY TIMELY WAGES UPON TERMINATION (LAB. CODE § 203)** |
| 23              Defendant. | |
| 24 | 3.  **UNLAWFUL BUSINESS PRACTICES UNDER (BUS. AND PROF. CODE, § 17200, ET SEQ.)** |
| 25 | |
| 26 | 4.  **CLAIM FOR FAILURE TO PAY MINIMUM WAGE (LAB. CODE § 1194)** |

27

28

**FIRST AMENDED CLASS ACTION COMPLAINT—1**

5.  **CLAIM FOR FAILURE TO PROVIDE AND MAINTAIN ACCURATE ITEMIZED WAGE STATEMENTS (LAB. CODE § 226(a))**

6.  **CLAIM FOR FAILURE TO PROVIDE MEAL BREAKS (IWC WAGE ORDER 7, SECTION 11)**

7.  **CLAIM FOR FAILURE TO PROVIDE UNINTERRUPTED REST PERIODS (LAB. CODE § 226.7)**

8.  **CLAIM FOR FAILURE TO PAY FOR NECESSARY EXPENSES (CAL. LAB. CODE § 2802)**

9.  **CLAIM FOR UNLAWFUL DISCOUNT AND DEDUCTIONS OF ENTITLED WAGES (CAL. LAB. CODE §§ 212, 213, 221, 223, 224)**

10. **CLAIM FOR COMPELLING PATRONIZATIONS (CAL. LAB. CODE § 450)**

**[JURY DEMAND]**

**FIRST AMENDED CLASS ACTION COMPLAINT—2**

Plaintiff Jorge Chacon ("Plaintiff" or "Mr. Chacon") and Plaintiff Samantha Diaz (collectively referred to herein as "Plaintiffs") make the following allegations against Defendants Express Fashion Operations, LLC, Express Fashion Apparel, LLC, Express, Inc. and Express, LLC (collectively referred to herein as "Express"), and DOES 1-50 (collectively referred to throughout herein as "Defendants"):

## INTRODUCTION

1.      Plaintiffs bring this class action on behalf of all non-exempt employees (collectively referred to herein as "Class Members" or "Subclass Members") employed by Defendant and, DOES 1-50 in California from the date four years prior to the filing of this Complaint through the date of trial in this action.

2.      In this action, Plaintiff, on behalf of themselves and all Class Members, Subclass Members seek unpaid overtime wages, minimum wages, rest break premiums, meal break premiums, unreimbursed business expenses, unlawful deductions, wage statement penalties, and wages upon termination. Statutory penalties, restitution, declaratory and injunctive relief, attorneys' fees and costs, prejudgment interest and other relief under California Industrial Welfare Commission (I.W.C.) Wage Order 7-2001, 8 Cal. Code of Reg. section 11050 ("Wage Order 7-2001"), California Labor Code  (Labor Code") sections 201, 202, 203, 204, 212, 213, 221, 223, 224, 226(a) 1-9, 226.3, 226.7, 450, 510, 512, 515, 551, 552, 558, 1774, 1174(d), 1182.12, 1194, 1197, 1197.1, 1198, 2802, 2699.5, California Code of Civil Procedure section 1021.5, California Business and Professions Code sections 17200 et seq. ("UCL"), and California common law.

3.      The "Class Period" is designated as the time from four years prior to the filing of this Complaint through the trial of this action based upon the allegation that the violations of the Labor Code and UCL, as described more fully below, have been ongoing since at least four years prior to the date of the instant Complaint in this action and are continuing.

4.      During the Class Period, Defendant had a consistent policy and/or practice of (1) failing to pay Class Members and Subclass Members with the correct overtime rates; (2) failing to compensate such Class Members and Subclass Members with overtime hours at the

**FIRST AMENDED CLASS ACTION COMPLAINT—3**

appropriate rates; (3) failing to compensate Class Members and Subclass Members with minimum wages; (4) failing to provide Class Members and Subclass Members with legally compliant meal breaks or meal break premium wages; (5) failing to provide Class Members and Subclass Members with legally compliant rest breaks or rest break premium wages; (6) failing to reimburse business expenses to Class Members and Subclass Members; (7) unlawfully deducing and discounting wages from Class Members and Subclass Members; (8) failing to issue accurate itemized wage statements; (9) failing to pay all wages timely upon termination, resignation or end of employment.

5.     Accordingly, Defendant violated UCL, with the violations of the California wage and hour laws described above.

## **GENERAL ALLEGATIONS**

**Parties and Venue.**

6.     Plaintiff Chacon is, and at all relevant times was, a citizen and resident of the city of Anaheim, in the County of Orange, in the State of California.

7.     Plaintiff Samantha Diaz is, and at all relevant times was, a citizen and resident of the city of Monterey, in the County of Monterey, in the State of California.

8.     Plaintiffs are informed and believes and on that basis alleges that at all relevant times Defendant Express Fashion Operations, LLC is a Delaware corporation doing business in the State of California with a principal place of business located at 1 Express Drive, Columbus, Ohio 43230.

9.     Plaintiffs are informed and believes and on that basis alleges that at all relevant times Defendant Express, Inc. is a Delaware corporation doing business in the State of California with a principal place of business located at 1 Express Drive, Columbus, Ohio 43230.

10.     Plaintiffs are informed and believes and on that basis alleges that at all relevant times Defendant Express Fashion Apparel, LLC is a Delaware corporation doing business in the State of California with a principal place of business located at 1 Express Drive, Columbus, Ohio 43230.

11.     Plaintiffs are informed and believes and on that basis alleges that at all relevant times Defendant Express, LLC. is a Delaware corporation doing business in the State of California with a principal place of business located at 1 Express Drive, Columbus, Ohio 43230.

12.     In light of the facts that the wrongful acts of this defendant occurred and the causes against them arose in Orange County, State of California, jurisdiction and venue is proper Orange County.

**Doe Allegations**.

13.   Plaintiffs do not presently know the true names and capacities of defendant named as Doe1 through Doe 50, inclusive.  Plaintiffs will amend this complaint, setting forth the true names and capacities of these fictitious defendants, when they are ascertained.  Plaintiffs are informed and believes and on that basis alleges that each of the fictitious defendants have participated in the acts alleged in this complaint to have been done by the named defendants.

**Vicarious Liability.**

14.     Unless otherwise indicated, each defendant herein sued is the agent, co-conspirator, joint venturer, partner, and/or employee of every other defendant and, as alleged, has been acting within the course and scope of said agency, conspiracy, joint venture, partnership, and/or employment, with the knowledge and/or consent of co-defendants, and each of them.  Plaintiff is informed and believes and thereon alleges that each defendant has authorized and/or ratified the wrongful activities of each of the remaining defendants.

## COMMON ALLEGATIONS TO ALL CAUSES OF ACTION

15.     Defendant is a clothing company.

16.     Plaintiffs, Class Members and Subclass Members worked for Defendant as non-exempt employees including, but not limited to Sales Associates, Sales Leaders, Co-Managers Stock Associates and Cashiers.

17.     Plaintiffs, Class Members and Subclass Members worked as a non-exempt employee for

**FIRST AMENDED CLASS ACTION COMPLAINT—5**

Defendant. During this employment a majority of Plaintiff's, Class Members and Subclass Members work involved customer service, selling clothing, cashiering and other miscellaneous activities.

**Defendant Failed to Pay Appropriate Regular Rate To Plaintiffs, Class Members and Subclass Members**

18.    Plaintiffs, Class Members and Subclass Members were regularly entitled to "sales bonuses" as a performance-based bonus that are non-discretionary. Defendant scheduled and required Plaintiffs, Class Members and Subclass Members to work above 8 hours and 40 hours per workweek without receiving the correct straight time or overtime and double-time compensation for such overtime and double time hours worked in violation of California Labor Code sections 510 and 1194 and the applicable California Industrial Welfare Commission wage order(s).

**Defendant Failed to Record all Hours Worked Requiring Plaintiffs, Class Members and Subclass Members to Work Off-the-Clock and use Their Personal Cell Phones**

19. Express use of labor budgets and resultant understaffing, along with the practice of requirement employees to avoid accruing overtime hours, Plaintiffs, Class Members and Subclass Members were required to work during their unpaid meal periods. Instead of relinquishing control over its employees for unpaid meal periods, Express would require Plaintiffs, Class Members and Subclass Members to return early from meal periods without that time being recorded. Express would also require its employees to maintain radio devices on themselves during unpaid meal periods and would knowingly contact the employees at all times including meal periods to discuss work related needs and failed to compensate the employees for this time worked.

20. Furthermore, Express did not pay minimum wages to Plaintiffs, Class Members and Subclass Members for off-the-clock work hours that qualified for overtime premium payment. To the extent this unpaid time did not qualify for overtime premium payment, Express did not pay at least minimum wages for those hours worked off-the-clock.

**FIRST AMENDED CLASS ACTION COMPLAINT—6**

21. Moreover, Express implemented a company-wide loss prevention policy requiring employees to undergo mandatory security checks before leaving the store. These security checks occurred after the employee clocked out at the end of a shift or at the beginning of a meal period prior to leaving the store premises.  The Plaintiffs, Class Members and Subclass Members were no compensated for the time spent waiting and undergoing screenings while off-the-clock.

22. Additionally, Express implemented a company-wide policy and/or practice of requiring Plaintiffs, Class Members and Subclass Members to communicate with Express supervisors while off-the-clock using their personal cellular phones. Plaintiffs, Class Members and Subclass Members were required to respond to these text messages on their days off, while off-the-clock and utilize their personal cellular phones to send nightly text messages regarding ales results to Express supervisors.

**Defendant Failed to Provide Meal Periods or Uninterrupted Meal Periods for Plaintiffs, Class Members and Subclass Members**

23. First, Express maintained a company-wide, unlawful written meal period policy insofar as it fails to state the time of when meal periods must occur. Express' written meal period policy provides that employees are entitled to one meal period during shifts of five (5) to ten (10) hours. However, the policy fails to state the correct timing of when the first meal period must take place (i.e. within the first five hours of work).   Secondly, Express engaged in systemic understaffing arising from its company-wide use of labor budgets created a lack of adequate meal period coverage. As a result, Plaintiffs, Class Members and Subclass Members had to forgo their meal breaks or had their meal break interrupted.

24. Furthermore, Plaintiffs, Class Members and Subclass Members were required to routinely miss meal periods or had their meal periods interrupted due to a company-wide practice and/or policy of requiring them to carry company radios with earpieces which they were encouraged to leave on and answer during the workday, including meal periods. Express supervisors would routinely interrupt meal periods for Plaintiffs, Class Members, and Subclass Members through the radio device to discuss the required tasks that needed to be completed while knowing the

**FIRST AMENDED CLASS ACTION COMPLAINT—7**

employees were on an unpaid meal break or off-the-clock and did not compensate the employee for this off-the-clock work or pay premium wage for the uninterrupted meal break. Furthermore, Express did not provide Plaintiffs, Class Members and Subclass Members with the second 30-minute meal period on days that they worked in excess of 10 hours in one day.

**Defendant Failed to Provide Rest Periods or Uninterrupted Rest Periods for Plaintiffs, Class Members and Subclass Members**

25. Based upon information and belief, Express maintained and implemented a company-wide on-premises rest period policy which mandated Plaintiffs, Class Members and Subclass Members to remain on Express' premises during their rest periods. Because Plaintiffs, Class Members and Subclass Members were restricted from leaving the premises during rest periods, they were denied the ability to use their rest periods freely for their own purposes.

26. Furthermore, Plaintiffs, Class Members and Subclass Members were required to routinely miss rest periods or had their rest periods interrupted due to a company-wide practice and/or policy of requiring employees to carry company radios with earpieces which they were encouraged to leave on and answer during the workday, including rest periods. Express supervisors would routinely interrupt rest periods for Plaintiffs, Class Members, and Subclass Members through the radio device to discuss the required tasks that needed to be completed while knowing the employees were on a rest break and did not compensate the employee any premium wage for the uninterrupted rest break. Furthermore, Express would require its employees to remain on the premises and encouraged employees to waive their rest breaks at the beginning and throughout employment effectively preventing Plaintiffs, Class Members and Subclass Members from being relieved of all duties for rest periods and caused them to perform work during rest periods. Express refused to pay for all premium wages where the employees were not authorized or permitted to take rest periods.

**Defendant Failed to Provide Accurate Wage Statements to Plaintiffs, Class Members and Subclass Members**

27. Express knowingly and intentionally provided Plaintiffs, Class Members and Subclass

Members with uniform incomplete and inaccurate wage statements. Express failed to list gross wages earned, total hours worked, net wages earned, and all applicable hourly rates in effect during the pay period, including overtime rates of pay, and the corresponding number of hours worked at each hourly rate. Express failed to record the time Plaintiffs, Class Members and Subclass Members spent working off-the-clock and list the correct amount of gross wages, net wages, total number of hours worked and the applicable hourly rates of pay in effect during the pay period and corresponding number of hours worked as each hourly rate.

28. Furthermore, Express failed to calculate the regular rate of pay correctly for purposes of paying overtime and did not list the correct amount of gross wages, net wages, all applicable hourly rates in effect during the pay period, namely the correct overtime rates of pay, correct rates of pay for meal ad rest premium wages.

**Defendant Unlawfully Discounted, Deducted and Secretly Lowered Wages to Plaintiffs, Class Members and Subclass Members**

29. Express maintained an agreement with a payroll service provider for the issuance of payroll cards to employees to Plaintiffs, Class Members and Subclass Members to discharge its wage payment obligations to its employees. Under Express' payroll debit card program, employees could use their payroll cards to (1) make purchases using the card; (2) make ATM withdrawals; or (3) make teller-assisted withdrawals. Under this Express payroll debit program, employees did not have easy access to the entirety of their wages without incurring a fee. Plaintiffs, Class Members and Subclass Members were not able to withdraw their entire wages in one transaction via an ATM because ATM's only disburse cash in limited denominations and do not dispense exact change. While obtaining a teller-assisted withdrawal may have been another option available to employees under Express' payroll card program, other aggrieved employees had to abide by the business hours of a specific bank chain, which had limited locations. Express' payroll debit card program presented a number of obstacles and hurdles that combined, made it difficult for Plaintiffs, Class Members and Subclass Members to access their entire wages without discount and without delay. Furthermore, Plaintiffs, Class Members and Subclass

**FIRST AMENDED CLASS ACTION COMPLAINT—9**

Members were assessed various fees in connection with their use of the payroll debit cards including but not limited to per-transaction fees, ATM fees, in-person teller fees, and/or other fees to obtain and/or spend their earned and due wages. The fees charged resulted in a discount and deduction of wages.

**Defendant Failed to Pay All Wages Upon Termination to  Plaintiffs, Class Members and Subclass Members**

30.    Express willfully failed to pay Plaintiff Ms. Diaz all of her wages upon resignation or within 72 hours of leaving Express' employ. Furthermore, Express failed to

31. Furthermore, during the Plaintiffs, the Class Members and Subclass Members employment with Defendant they were entitled to be paid the correct minimum wages, meal break and rest period premium wages, overtime and double times hours upon termination or resignation. Defendant had a policy and/or practice that failed to pay Plaintiff's, the Class Members and Subclass Members all of their wages owed upon termination including minimum wages, meal break and rest period premium wages, overtime and double times hours wages that were withheld by Defendant through the Plaintiff's, the Class Members and Subclass Members employment.

**Defendant Compelled Patronization for Plaintiffs, Class Members and Subclass Members**

32. Express had a uniform policy of requiring employees to purchase clothing directly from company in order to comply with Express' "Associate Projection" guidelines regarding store employees' clothing and appearance. Plaintiffs, Class Members and Subclass members were required to pay for items of clothing from Express.

## CLASS ACTION ALLEGATIONS

33.    This action is maintainable as a representative action pursuant to California Code of Civil Procedure section 382 as to violations of Wage Order 7-2001, Labor Codes and UCL overtime and double time wages, failure to pay upon termination, waiting time penalties, and attorneys' fees and costs. Plaintiff is a representative of other Class Members and Subclass Members and is acting on behalf of their interests. The similarly situated employees are known

**FIRST AMENDED CLASS ACTION COMPLAINT—10**

to Defendant and are readily identifiable and locatable through Defendant's own employment records. The Class and Subclasses that Plaintiff seeks to represent is defined as follows:

34.     The Class the Plaintiff seeks to represent is defined as follows:

> All persons who were employed by EXPRESS as nonexempt employees, in California at any time from four years prior to the date of filing of this action through the date of trial (referred to herein as "Class Members").

35.     The Subclass 1 the Plaintiff seeks to represent is defined as follows:

> All persons who were employed by EXPRESS and worked as Sales Associates, Sales Leaders, Co-Managers, Stylists, Stock Associates and Cashiers in California at any time from four years prior to the date of filing of this action through the date of trial (referred to herein as "Subclass Members 1").

36.     The Subclass 2 the Plaintiff seeks to represent is defined as follows:

> All persons who were employed by EXPRESS and worked as Co-Managers, in California at any time from four years prior to the date of filing of this action through the date of trial (referred to herein as "Subclass Members 2").

37.     The Subclass 3 the Plaintiff seeks to represent is defined as follows:

> All persons who were employed by EXPRESS and worked as Sales Associates, in California at any time from four years prior to the date of filing of this action through the date of trial (referred to herein as "Subclass Members 3").

38.     The Subclass 4 the Plaintiff seeks to represent is defined as follows:

> All persons who were employed by EXPRESS and worked as Sales Leaders, in California at any time from four years prior to the date of filing of this action through the date of trial (referred to herein as "Subclass Members 4").

39.     The Subclass 5 the Plaintiff seeks to represent is defined as follows:

> All persons who were employed by EXPRESS and worked as Stock Associates, in California at any time from four years prior to the date of filing of this action through the date of trial (referred to herein as "Subclass Members 5").

40.     The Subclass 6 the Plaintiff seeks to represent is defined as follows:

**FIRST AMENDED CLASS ACTION COMPLAINT—11**

> All persons who were employed by EXPRESS and worked as Cashiers, in California at any time from four years prior to the date of filing of this action through the date of trial (referred to herein as "Subclass Members 6").

41.    The Subclass 7 the Plaintiff seeks to represent is defined as follows:

> All persons who were employed by EXPRESS and worked as Stylists, in California at any time from four years prior to the date of filing of this action through the date of trial (referred to herein as "Subclass Members 7").

42.    Subclass Members 1, Subclass Members 2, Subclass Members 3, Subclass Members 4, Subclass Members 5, Subclass Members 6 and Subclass Members 7 shall be collectively referred to herein as ("Subclass Members")

43.    The individuals included within the alleged Class Members and Subclass Members 1, Subclass Members 2, Subclass Members 3, Subclass Members 4, Subclass Members 5, Subclass Members 6 and Subclass Members 7 are over one hundred (100) and is so numerous that joinder of each of them would be impracticable, and the disposition of their claims in a class action, rather than in numerous individual actions, will benefits the parties, the Court, and the interests of justice.

44.    Among the proposed Class Members and Subclass members there are a well-defined community of interest in the questions of law and/or fact involved, affecting the Class Members and Subclass Members, these common questions include, but are not limited to:

> a.  Whether Defendant's failure to provide Class Members and Subclass Members with entitled correct overtime wages for all hours worked above 8 hours per day or forty hours per week violates Labor Code sections 512, 1194 and, Wage Order 7-2001;
>
> b.  Whether Defendant's failure to provide formerly employed Class Members and Subclass Members with all wages due upon separation violates Labor Code sections 201-203;
>
> c.  Whether Defendant's various violations of the Labor Code serve as predicate violations of the UCL.

**FIRST AMENDED CLASS ACTION COMPLAINT—12**

d.  Whether Defendants' failure to provide Class Members and Subclass Members with entitled minimum wages for all hours worked violates Labor Code sections 1194 and Wage Order 7-2001;

e.  Whether Defendants' failure to provide Class Members and Subclass Members with accurate itemized wage statements violates Labor Code section 226(a);

f.  Whether Defendants' failure to provide Class Members and Subclass Members with legally entitled meal breaks violates Labor Code sections 226.7, 510 and, Wage Order 7-2001;

g.  Whether Defendants' failure to provide Class Members and Subclass Members with legally entitled rest breaks violates Labor Code sections 226.7 and, Wage Order 7-2001;

h.  Whether Defendants' failure to reimburse Class Members and Subclass Members for business expenses, including but not limited to personal cell phone usage violates Labor Code section 2802;

i.  Whether Defendants' deduction and discount of wages to Class Members and Subclass Members violates Labor Code sections 212, 213, 221, 223 and/or 224; and

j.  Whether Defendants' compelling and coercing Class Members and Subclass Members to purchase company goods and products violates Labor Code sections 450

45.  Common questions of law and/or fact predominate over questions that affect only individual Class Members and Subclass Members.

46.  Plaintiff's claims are typical of those belonging to the members of the Class and Subclass they seek to represent, and Plaintiffs can adequately represent the Class and Subclass they seek to represent.

## <u>FIRST CAUSE OF ACTION</u>
**(Claim For Failure to Pay Overtime Wage in Violation of Labor Code §§ 510, 1194, 1198 and IWC Wage Order 7, § 3 by Plaintiffs, Class Members and Subclass Members 1,**

**Subclass Members 2, Subclass Members 3, Subclass Members 4, Subclass Members 5, Subclass Members 6 and Subclass Members 7 Against All Defendants and DOES 1-50)**

47.     Plaintiff incorporates all of the allegations set forth in each of the paragraphs above and below by reference as though set forth in full in this cause of action.

48.     Plaintiff brings this claim on behalf of the Class Members and Subclass Members Subclass Members 1, Subclass Members 2, Subclass Members 3, Subclass Members 4, Subclass Members 5, Subclass Members 6 and Subclass Members 7.

49.     Throughout Plaintiffs, Class Members and Subclass Members employment, they worked above 8 hour daily working shifts and 40 hours per week.  Defendants did not compensate Plaintiffs, Class Members and Subclass Members for all entitled overtime and double-time hours worked above 8 hours in a day and 40 hours per week with the correct amount as it failed to incorporate performance based sales bonuses and commissions that are non-discretionary into the overtime and double time regular rate calculations.  Furthermore, Defendants knowingly required Plaintiffs, Class Members and Subclass Members to work off-the clock and did not compensate them for this time worked that could have qualified as overtime or double time compensation.

50.     Plaintiffs, Class Members and Subclass Members are entitled to overtime and double time compensation according to proof at the time of trial under Labor Code sections 510, 1194 subdivision (a), 1198 enforcing, Wage Order 7.  Defendant's failure to pay Plaintiffs, Class Members and Subclass Members as required by the applicable wage order, violates the provision of Labor Code section 1194, subdivision (a) and is therefore unlawful.  Defendant also violated Labor Code section 510.

51.     Plaintiffs, Class Members and Subclass Members are entitled to earnings for all hours worked, including overtime and double overtime.  Plaintiffs are also entitled to recover the statutory civil fines pursuant to Labor Code section 1194, subdivision (a). The exact amount of the applicable damages is an amount to be shown according to proof at trial and within the jurisdictional limits of the Court.

**FIRST AMENDED CLASS ACTION COMPLAINT—14**

## SECOND CAUSE OF ACTION

**(Claim For Failure to Pay Wages Upon Termination in Violation of Labor Code § 203 by Plaintiffs, Class Members and Subclass Members 1, Subclass Members 2, Subclass Members 3, Subclass Members 4, Subclass Members 5, Subclass Members 6 and Subclass Members 7, Against All Defendants and DOES 1-50)**

52.     Plaintiff hereby incorporates all of the allegations set forth in each of the paragraphs above and below by reference as though set forth in full in this cause of action.

53.     Pursuant to Labor Code section 203, an employer may not willfully fail to pay any wages owed to an employee who is either discharged or quits.

54.     Plaintiff brings this claim on behalf of the Class Members and Subclass Members Subclass Members 1, Subclass Members 2, Subclass Members 3, Subclass Members 4, Subclass Members 5, Subclass Members 6 and Subclass Members 7.

55.     Defendant failed to pay Plaintiffs, Class Members and Subclass Members who are no longer employed by Defendant's compensation due upon termination as required by California Labor Code section 201 and 202 as a result of failing to pay Plaintiffs, Class Members and Subclass Members the correct amount as it failed to incorporate performance-based sales bonuses and commissions that are non-discretionary into the overtime and double time regular rate calculations to compensate its employees. Furthermore, Defendants failed to compensate Plaintiffs, Class Members and Subclass Members with premium wages for rest breaks and meal breaks and off-the-clock work. As a result, Defendant is liable to Plaintiff, former employee Class Members and Subclass Members waiting time penalties provided under California Labor Code section 203, plus reasonable attorney's fees and costs of suit. At the time of Plaintiff's termination and former Class Members and Subclass Members, Plaintiffs, Class Members and Subclass Members were owed wages for Defendant's failure to compensate them for overtime and double time including, but not limited to their correct overtime and double times rates for all overtime and double-time hours worked in violation of Labor Code section 203.

56.     Plaintiff, on behalf of itself, Class Members and Subclass Members, also request relief as described below.

57.     The exact amount of the applicable damages is an amount to be shown according to proof at trial and within the jurisdictional limits of the Court.

**FIRST AMENDED CLASS ACTION COMPLAINT—15**

**THIRD CAUSE OF ACTION**

**(For Unlawful Business Practices-Bus. & Prof. Code § 17200 et seq.)**
**By Plaintiffs, Class Members and Subclass Members 1, Subclass Members 2, Subclass Members 3, Subclass Members 4, Subclass Members 5, Subclass Members 6 and Subclass Members 7 Against All Defendants and DOES 1-50)**

58.     Plaintiff hereby incorporate all of the allegations set forth in each of the paragraphs above and below by reference as though set forth in full in this cause of action.

59.     Plaintiff brings this claim on behalf of herself and the Class Members and Subclass Members 1, Subclass Members 2, Subclass Members 3, Subclass Members 4, Subclass Members 5, Subclass Members 6 and Subclass Members 7.

60.     Business & Professions Code section 17200 states "As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

61.     Through Defendant's conduct during the applicable statutory period including, but not limited to, the conduct alleged herein, including that alleged on information and belief, the Defendant has engaged in business practices in California by practicing, employing, and utilizing, the employment practices outlined in the preceding paragraphs all in violation of California law and the applicable Industrial Welfare Commission Wage Order. Defendant's use of such practices constitutes an unfair business practice, unfair competition, and provides as unfair advantage over Defendant's competitors doing business in the State of California that comply with their obligations to properly provide employment conditions in compliance with the law and pay employees for all earned wages and compensation as required by law.

62.     Defendant's violations of the California Civil Code, Labor Code and the applicable Wage Order and their scheme to lower payroll costs as alleged herein constitute unlawful business practices because these actions were done in a systematic manner over a period of time to the detriment of Plaintiffs, Class Members and Subclass Members. The acts complained of herein occurred within the last four (4) years preceding the filing of this complaint and include, but are not limited to, failure to (i) failure to pay California employees at the proper overtime

**FIRST AMENDED CLASS ACTION COMPLAINT—16**

rates and incorporate non-discretionary sales bonus in the calculation; (ii) failed to pay wages upon termination as a result of failing to pay California employees at the proper overtime rates and incorporate non-discretionary sales bonus in the calculation; (iii) failing to compensate Class Members and Subclass Members with minimum wages; (iv) failing to provide Class Members and Subclass Members with legally compliant meal breaks or meal break premium wages; (v) failing to provide Class Members and Subclass Members with legally compliant rest breaks or rest break premium wages; (vi) failing to reimburse business expenses to Class Members and Subclass Members; (vii) unlawfully deducing and discounting wages from Class Members and Subclass Members; (viii) failing to issue accurate itemized wage statements; (ix) failing to pay all wages timely upon termination, resignation or end of employment.. Plaintiff is informed and believes and on that basis alleges that, at all times herein mentioned, Defendant engaged in the above-mentioned acts of unlawful, deceptive, and unfair business practices prohibited by California Business and Professions Code sections 17200 et seq., including those set forth in the preceding paragraph, thereby depriving Plaintiff of the minimum working condition standards and conditions due, including those under Labor Code and Wage Order.

63.     As a result of Defendant's unfair competition as alleged herein, Plaintiff, Class Members and Subclass Members have suffered injury in fact and lost money or property. Plaintiffs, Class Members and Subclass Members have been deprived of the rights to accurate and itemized wage statements, wages and benefits due including those as alleged herein.

64.     Pursuant to California Business & Professions Code section 17203, Plaintiff is entitled to seek restitution of all wages and other monies owed on behalf of themselves and Class members and Subclass members belonging to them, including interest thereon, which Defendant's wrongfully withheld from them and retained for itself by means of its unlawful and unfair business practices.

65.     Plaintiff is entitled to an injunction and other declaratory and equitable relief against such practices to prevent future damage for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

66.      Plaintiff is informed and believes, and on that basis alleges, that the illegal conduct

**FIRST AMENDED CLASS ACTION COMPLAINT—17**

alleged herein is continuing and there is no indication that Defendant's will not continue such activity into the future. Plaintiff alleges that if Defendant's are not enjoined from the conduct set forth in this Complaint, they will continue to fail to pay the wage and compensation required to be paid and will fail to comply with other requirements of the Labor Code and Wage Order.

67.    As a direct and proximate result of Defendant's conduct, Defendants have received and will continue to receive monies that rightfully belong to members of the general public who have been adversely affected by Defendant's conduct, as well as to Plaintiff by virtue of any unpaid wages and other monies or penalties associated therewith.

68.    Plaintiffs, Class Members and Subclass Members are entitled and seeks any and all available remedies including but not limited to restitution and recovery of reasonable attorney's fees and costs pursuant to California Code of Civil Procedure section 1021.5, Business and Professions Code section 17200 et seq., the substantial benefit doctrine, and/or the common fund doctrine.

## FOURTH CAUSE OF ACTION
**(Claim for Failure to Pay All Wages, Including All Minimum Wages, Cal. Lab. Code sections 204, 510, 1194, 1194.2 and 1197 and Wage Order 7-2001, By Plaintiffs, Class Members and Subclass Members 1, Subclass Members 2, Subclass Members 3, Subclass Members 4, Subclass Members 5, Subclass Members 6 and Subclass Members 7 Against All Defendants and DOES 1-50)**

69. Plaintiffs hereby incorporate all of the allegations set forth in each of the paragraphs above and below by reference as though set forth in full in this cause of action.

70. Plaintiffs bring this claim on behalf of themselves, the Class Members and Subclass Members.

71. Defendants were required to compensate Plaintiffs, Class Members and Subclass Members for all hours worked pursuant to California Labor Code sections 510 and 1194 and Industrial Welfare Commission Wage Order 7-2001 Section 3. Defendants failed to do so. Plaintiff and Class Members are entitled to minimum wages and civil penalties as a consequence of this failure.

72. Defendants were required to pay Plaintiffs, Class Members and Subclass Members for all of the minimum wages they are entitled to pursuant to California Labor Code sections 510 and

**FIRST AMENDED CLASS ACTION COMPLAINT—18**

1194 and Industrial Welfare Commission Wage Order 7-2001 Section 3. Defendants failed to do so. Plaintiff and Class Members are entitled to civil penalties and owed wages as a consequence of this failure.

73. As a direct result of Defendants' violations alleged herein, Plaintiffs, Class Members and Subclass Members have suffered and continues to suffer substantial losses related to the use and enjoyment of such wages, including lost interest on such monies and expenses and attorney's fees in seeking to compel Defendants to fully perform its obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

74. As a result of the violations alleged herein, Plaintiffs, Class Members and Subclass Members seeks all civil penalties and unpaid wages available pursuant to the Labor Code and Wage Order 7-2001 including an award of interest on the unpaid wages plus reasonable attorney's fees and costs and civil penalties. The exact amount of the applicable penalties is an amount to be shown according to proof at trial.

**FIFTH CAUSE OF ACTION**
**(For Failure to Furnish Accurate Itemized Wage Statements in Violation of Lab. Code § 226 By Plaintiffs, Class Members and Subclass Members 1, Subclass Members 2, Subclass Members 3, Subclass Members 4, Subclass Members 5, Subclass Members 6 and Subclass Members 7 Against All Defendants and DOES 1-50)**

75. Plaintiffs, Class Members and Subclass Members hereby incorporates all of the allegations set forth in each of the paragraphs above and below by reference as though set forth in full in this cause of action.

76. Plaintiffs bring this claim on behalf of themselves, Class Members and Subclass Members.

77. Throughout the Class Period, the wage statements of Plaintiff and the Class Members did not accurately reflect each employee's applicable total hours worked, net wages earned, gross wages earned and actual applicable wage rate all in violation of California Labor Code Section 226(a), specifically sections 1-9.

78. Due to the fact that Defendants excluded the hours' worth of work that should have been reflected on their wage statements for missing their entitled 10-minute uninterrupted rest periods

**FIRST AMENDED CLASS ACTION COMPLAINT—19**

every four hours and 30-minute uninterrupted meal breaks every 5 hours when their working shifts would amount to above 6 hours in a day, off-the-clock work or failed to include the correct rate of pay at the applicable hourly rate, Defendants violated California Labor Code Section 226(a), specifically sections 1-9 . Therefore, Plaintiff's and the Class Members' wage statements did not accurately reflect the total hours worked, net wages earned, gross wages earned, accurately depict deductions that should have been taken out and actual applicable wage rate corresponding with the total hours worked.

79. As a direct result of Defendants' intentional violations alleged herein, Plaintiffs, Class Members and Subclass Members have suffered and continues to suffer substantial losses related to the use and enjoyment of such wages, including lost interest on such monies and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court. The exact amount of the applicable civil penalties is an amount to be shown according to proof at trial and an award of reasonable attorney's fees and costs.

## SIXTH CAUSE OF ACTION
**(Claim for Failure to Provide Meal Breaks, Cal. Lab. Code 226.7, 512, 558 and Wage Order 7-2001, By Plaintiffs, Class Members and Subclass Members 1, Subclass Members 2, Subclass Members 3, Subclass Members 4, Subclass Members 5, Subclass Members 6 and Subclass Members 7 Against All Defendants and DOES 1-50)**

80. Plaintiffs hereby incorporates all of the allegations set forth in each of the paragraphs above and below by reference as though set forth in full in this cause of action.

81. Plaintiffs bring this claim on behalf of themselves, the Class Members and Subclass Members.

82. Defendants were required to authorize and permit employees to take uninterrupted meal breaks pursuant to Wage Order 7-2001, Section 11(A) and (B). Defendants failed to do so by not allowing Plaintiffs, Class Members and Subclass Members to take a first meal period and/or to take a timely, uninterrupted first meal for shifts lasting longer than five hours or to take a second meal periods or to take a timely, uninterrupted second meal period on all shifts longer than ten hours. Plaintiffs, Class Members and Subclass Members are entitled to premium pay for each

**FIRST AMENDED CLASS ACTION COMPLAINT—20**

day that a compliant meal period was not provided to Plaintiffs, Class Members and Subclass Members.

83.Defendants were required to pay the employees one (1) hour of pay at their regular rate of compensation for each workday that the legally compliant meal period was not provided, pursuant to Wage Order 7-2001, section 11(B). It failed to do so. Plaintiffs, Class Members and Subclass Members are entitled to premium pay and owed wages as a consequence of this failure.

84.As a direct result of Defendants' violations alleged herein, Plaintiff and the Class have suffered and continues to suffer substantial losses related to the use and enjoyment of such wages, including lost interest on such monies and expenses and attorney's fees in seeking to compel Defendant to fully perform its obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

85.Plaintiffs, Class Members and Subclass Members are entitled to recover the premium pay plus penalties set forth in Wage Order 7-2001 and the Labor Code.

86.As a result of the violations alleged herein, Plaintiffs, Class Members and Subclass Members seeks all premium pay, civil penalties and wages available for the Class pursuant to the Labor Code and Wage Order 7-2001, interest on unpaid wages, and an award of reasonable attorney's fees and costs.

### SEVENTH CAUSE OF ACTION

**(Claim for Failure to Provide Rest Periods, Cal. Lab. Code 226.7 and Wage Order 7-2001, Section 12 By Plaintiffs, Class Member and Subclass Members 1, Subclass Members 2, Subclass Members 3, Subclass Members 4, Subclass Members 5, Subclass Members 6 and Subclass Members 7 Against All Defendants and DOES 1-50)**

87.Plaintiffs hereby incorporates all of the allegations set forth in each of the paragraphs above and below by reference as though set forth in full in this cause of action.

88.Plaintiffs bring this claim on behalf of themselves, the Class Members and Subclass Members.

89.Defendants were required to authorize and permit Class Members to take uninterrupted rest breaks each day during the Class Period pursuant to Wage Order 7-2001 Section 12(A) and California Labor Code section 226.7. It failed to do so by not allowing Plaintiffs, Class Members and Subclass Members to take rest breaks and/or by not allowing Class Members to take

**FIRST AMENDED CLASS ACTION COMPLAINT—21**

compliant, uninterrupted rest breaks of no less than ten minutes. Plaintiffs, Class Members and Subclass Members are entitled to recover premium pay and other civil penalties for each day Plaintiffs, Class Members and Subclass Members were not allowed to take compliant rest breaks as a consequence of this failure.

90. Defendants were required to pay the employees one (1) hour of pay at their regular rate of compensation for each workday that the legally compliant rest break was not authorized and permitted pursuant to Wage Order 7-2001 Section 12(B). Defendants failed to do so by not allowing such interrupted rest breaks. Plaintiffs, Class Members and Subclass Members are entitled to civil penalties as a consequence of this failure.

91. As a direct result of Defendants' violations alleged herein, Plaintiffs, Class Members and Subclass Members have suffered and continues to suffer substantial losses related to the use and enjoyment of such wages, including lost interest on such monies and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

92. As a result of the violations alleged herein, Plaintiff and Class Members seek all premium pay and pursuant to the Labor Code and Wage Order 7-2001, and an award of reasonable attorney's fees and costs.

### EIGTH CAUSE OF ACTION

**(Claim For Failure to Reimburse Plaintiffs for All Necessary Expenses Per Lab. Code §§ 2802, 2804 By Plaintiffs, Class Member and Subclass Members 1, Subclass Members 2, Subclass Members 3, Subclass Members 4, Subclass Members 5, Subclass Members 6 and Subclass Members 7 Against All Defendants and DOES 1-50)**

93. Plaintiffs hereby incorporates all of the allegations set for in each of the paragraphs above and below by reference as though set forth in full in this cause of action.

94. Plaintiffs bring this claim on behalf of themselves, the Class Members and Subclass Members.

95. Plaintiff, Class Members and Subclass Members were non-exempt employees of Express. In the course of their employment, Plaintiff, Class Members and Subclass Members were not reimbursed for expenses arising in the course and scope of their services. These expenses

**FIRST AMENDED CLASS ACTION COMPLAINT—22**

included, but not limited to, maintaining a cell phone for work and other necessary work equipment and tools.

96. Plaintiffs, Class Members and Subclass Members were not exempt employees and entitled to the protections of IWC Order 7-2001 (Title 8 of the California Code of Regulations § 11090), and California Labor Code § 200, 500, 1194, 1197, and 1198).

97. At all relevant times, Express was subject to the Labor Code of the State of California, and to the existing and applicable IWC order 7-2001 (Title 8, California Code of Regulations §§ 11000, 11090).

98. At all times herein mentioned Express was subject to Labor Code § 2802 which states that "an employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee indirect consequence of the discharge of his duties, or of his obedience to the directions of the employer."

99. At all times herein mentioned Express was subject to Labor Code § 2804 which states that "any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof, is null and void, and this article shall not deprive any employee or his personal representative of any right or remedy to which he is entitled under the laws of this State."

100. As a proximate result of Express' policies in violation of Labor Code §§ 2802 and 2804, Plaintiffs, Class Members and Subclass Members suffered damages in sums, which will be shown according to proof at the time of trial.

101. Plaintiff is entitled to expenses, attorney's fees. Interest, and costs of suit pursuant to Labor Code § 2802(c) for bringing this action.

102. Pursuant to Labor Code § 2802(b), in any action brought for the reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgment in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure. Plaintiffs, Class Members and Subclass Members are entitled to said interest.

103. Plaintiffs, Class Members and Subclass Members are entitled to reimbursement for expenses including, but not limited to, reimbursement for expenses in connection to being

**FIRST AMENDED CLASS ACTION COMPLAINT—23**

1    required to maintain and use their personal cell phones and incur expenses associated therewith,

2    attorney's fees, interest, and costs of suit pursuant to Labor code § 2802 for bringing this action.

3                                  **NINTH CAUSE OF ACTION**

4    **(Claim For Failure to Unlawful Discount and Deduction of Entitled Wages In Violation of**
     **Lab. Code §§ 212, 213, 221, 223, and 224 By Plaintiffs, Class Member and Subclass**

5    **Members 1, Subclass Members 2, Subclass Members 3, Subclass Members 4, Subclass**
     **Members 5, Subclass Members 6 and Subclass Members 7 Against All Defendants and**

6                                     **DOES 1-50)**

7        104. Plaintiffs hereby incorporates all of the allegations set for in each of the paragraphs

8    above and below by reference as though set forth in full in this cause of action.

9        105. Plaintiffs bring this claim on behalf of themselves, the Class Members and Subclass

10   Members.

11       106. Plaintiff, Class Members and Subclass Members were non-exempt employees of

12   Express. In the course of their employment, Plaintiff, Class Members and Subclass Members

13   were subject to unlawful deductions of their entitled wages during the course of the class period

14   and employment with Express. Express maintained an agreement with a payroll service provider

15   for the issuance of payroll cards to employees to Plaintiffs, Class Members and Subclass

16   Members to discharge its wage payment obligations to its employees. Under Express' payroll

17   debit card program, employees could use their payroll cards to (1) make purchases using the

18   card; (2) make ATM withdrawals; or (3) make teller-assisted withdrawals. Under this Express

19   payroll debit program, employees did not have easy access to the entirety of their wages without

20   incurring a fee.  Plaintiffs, Class Members and Subclass Members were not able to withdraw

21   their entire wages in one transaction via an ATM because ATM's only disburse cash in limited

22   denominations and do not dispense exact change. While obtaining a teller-assisted withdrawal

23   may have been another option available to employees under Express' payroll card program, other

24   aggrieved employees had to abide by the business hours of a specific bank chain, which had

25   limited locations. Express' payroll debit card program presented a number of obstacles and

26   hurdles that combined, made it difficult for Plaintiffs, Class Members and Subclass Members to

27   access their entire wages without discount and without delay. Furthermore, Plaintiffs, Class

28   Members and Subclass Members were assessed various fees in connection with their use of the

**FIRST AMENDED CLASS ACTION COMPLAINT—24**

payroll debit cards including but not limited to per-transaction fees, ATM fees, in-person teller fees, and/or other fees to obtain and/or spend their earned and due wages. The fees charged resulted in a discount and deduction of wages.

107. At all times herein mentioned Express was subject to Labor Code §§ 212, 213, 221, 223 and 224 which makes deducting or discounting an employees' wages unlawful.

108. As a proximate result of Express' policies in violation of Labor Code §§ 212, 213, 221, 223 and 224, Plaintiffs, Class Members and Subclass Members suffered damages in sums, which will be shown according to proof at the time of trial.

109. Plaintiff is entitled to expenses, attorney's fees. interest, and costs of suit.

## TENTH CAUSE OF ACTION

**(Claim For Compelling Patronization in Violation of Lab. Code § 450 By Plaintiffs, Class Member and Subclass Members 1, Subclass Members 2, Subclass Members 3, Subclass Members 4, Subclass Members 5, Subclass Members 6 and Subclass Members 7 Against All Defendants and DOES 1-50)**

110. Plaintiffs hereby incorporates all of the allegations set for in each of the paragraphs above and below by reference as though set forth in full in this cause of action.

111. Plaintiffs bring this claim on behalf of themselves, the Class Members and Subclass Members.

112. Plaintiff, Class Members and Subclass Members were non-exempt employees of Express. In the course of their employment, Plaintiff, Class Members and Subclass Members were compelled and coerced to purchase Express clothing to maintain compliance with Express' "Associate Projection" guidelines.

113. At all times herein mentioned Express was subject to Labor Code § 450 which provides an employer may not compel or coerce any employee or applicant for employment to patronize his or her employer, or any other person, in the purchase of anything value."

114. As a proximate result of Express' policies in violation of Labor Code § 450, Plaintiffs, Class Members and Subclass Members suffered damages in sums, which will be shown according to proof at the time of trial.

115. Plaintiff is entitled to expenses, attorney's fees. Interest, and costs of suit.

## PRAYER FOR RELIEF

**FIRST AMENDED CLASS ACTION COMPLAINT—25**

WHEREFORE, Plaintiff prays individually and on behalf of the proposed Class and Subclass Members, prays for judgment against Defendant as follows:

A.  Certification of Plaintiff's claims as a class action pursuant to Cal. Code of Civ. Pro. Section 382, on behalf of the proposed class;

B.  Class notice to all Class Members, Subclass Members 1, Subclass Members 2, Subclass Members 3, Subclass Members 4, Subclass Members 5, Subclass Members 6, and Subclass Members 7 in California who worked for Defendant from four years prior to the filing of the original Complaint through the trial of this action;

C.  Plaintiff be appointed as the representative of the Class;

D.  Plaintiff be appointed as the representative of Subclass Members 1, Subclass Members 2, Subclass Members 3, Subclass Members 4, Subclass Members 5, Subclass Members 6, and Subclass Members 7;

E.  Counsel for Plaintiff be appointed as counsel for the Class and Subclass Members 1, Subclass Members 2, Subclass Members 3, Subclass Members 4, Subclass Members 5, Subclass Members 6 and Subclass Members 7;

F.  The Court declare that, as to former employee Class Members and Subclass Members, Defendant have violated California Labor Code section 201-203 for willful failure to pay compensation at the time of termination of employment, resulting in unpaid waiting time penalties;

G.  The Court declare that, as to former employee Class Members and Subclass Members, Defendant have violated California Labor Code sections 510, 1194, Wage Order 7-2001 by failing to compensate the Class Members and Subclass Members their proper overtime rates;

H.  The Court declare that, as to former employee Class Members and Subclass Members, Defendant have violated California Labor Code sections 1194 and Wage Order 7-2001 by failing to compensate the Class Members and Subclass Members their proper minimum wage rates;

**FIRST AMENDED CLASS ACTION COMPLAINT—26**

I.  The Court declare that, as to former employee Class Members and Subclass Members, Defendant have violated California Labor Code sections 226(a) by failing to issue accurate itemized wage statements;

J.  The Court declare that, as to former employee Class Members and Subclass Members, Defendant have violated California Labor Code sections 226.7, 510 and, Wage Order 7-2001 by failing to authorize and permit legal entitled meal breaks;

K.  The Court declare that, as to former employee Class Members and Subclass Members, Defendant have violated California Labor Code sections 226.7 and, Wage Order 7-2001 by failing to authorize and permit legal entitled rest breaks;

L.  The Court declare that, as to former employee Class Members and Subclass Members, Defendant have violated California Labor Code section 2802 by requiring Class Members and Subclass Members to use their personal cell phones;

M.  The Court declare that, as to former employee Class Members and Subclass Members, Defendant have violated California Labor Code sections 212, 213, 221, 223 and/or 224 by requiring Class Members and Subclass Members to use a payroll debit card and incur fees to use their wage earnings; and

N.  The Court declare that, as to former employee Class Members and Subclass Members, Defendant have violated California Labor Code sections 450 by coercing or compelling Class Members and Subclass Members to purchase goods and products of Defendant

**First Cause of Action:**

1.  For an award of damages to Class Members and Subclass Members pursuant to Labor Code sections 510 and 1194.

2.  The exact amount of the applicable damages is an amount to be shown according to proof at trial and within the jurisdictional limits of the Court.

3.  An award to Class Representative Plaintiff Class Members and Subclass Members of

**FIRST AMENDED CLASS ACTION COMPLAINT—27**

reasonable attorneys' fees and costs, pursuant to California Civil Procedure Code section 1021.5, California Labor Code section 218.5, 1194, 510 and/or other applicable law.

**Second Cause of Action:**

4.  For an award for the Class Members and Subclass Members for owed wages and penalties, plus, interest pursuant to Labor Code section 203.

5.  The exact amount of the applicable damages is an amount to be shown according to proof at trial and within the jurisdictional limits of the Court.

6.  An award to Class Representative Plaintiff, the Class Members and Subclass Members of reasonable attorneys' fees and costs, pursuant to California Civil Procedure Code sections 1021.5 and California Labor Code sections 203, 218.5, 226, 226.7 and/or other applicable law.

**Third Cause of Action:**

7.  For a temporary restraining order, a preliminary injunction, and a permanent injunction enjoining Defendant and its agents, servants and employees, and all persons acting under, in concert with, or for Defendant from engaging in the unlawful, unfair, and fraudulent acts and business practices described in Paragraphs 58 through 68 above;

8.  For restitution, lost wages and penalties therewith;

9.  For pre-judgment and post-judgment interest to the extent permitted by law;

10. For an award of attorneys' fees and costs incurred in the investigation, filing and prosecution of this action pursuant to Code of Civil Procedure section 1021.5, Business and Professions Code sections 17200, et seq., Labor Code section 1194 and any other applicable provision of law; and

11. For such other relief as the Court deems just and proper.

**Fourth Cause of Action:**

12. For an award for the Class Members and Subclass Members for owed wages and penalties, plus interest pursuant to Labor Code section 1194.

13. The exact amount of the applicable damages is an amount to be shown according to proof at

trial and within the jurisdictional limits of the Court.

14. An award to Class Representative Plaintiff, the Class Members and Subclass Members of reasonable attorneys' fees and costs, pursuant to California Civil Procedure Code sections 1021.5 and California Labor Code sections 203, 218.5, 226, 226.7 and/or other applicable law.

**Fifth Cause of Action:**

15. For an award for the Class Members and Subclass Members for owed wages and penalties, plus interest pursuant to Labor Code section 226(a).

16. The exact amount of the applicable damages is an amount to be shown according to proof at trial and within the jurisdictional limits of the Court.

17. An award to Class Representative Plaintiff, the Class Members and Subclass Members of reasonable attorneys' fees and costs, pursuant to California Civil Procedure Code sections 1021.5 and California Labor Code sections 203, 218.5, 226, 226.7 and/or other applicable law.

**Sixth Cause of Action:**

18. For an award for the Class Members and Subclass Members for owed wages and penalties, plus interest pursuant to Labor Code section 226.7 and 512.

19. The exact amount of the applicable damages is an amount to be shown according to proof at trial and within the jurisdictional limits of the Court.

20. An award to Class Representative Plaintiff, the Class Members and Subclass Members of reasonable attorneys' fees and costs, pursuant to California Civil Procedure Code sections 1021.5 and California Labor Code sections 203, 218.5, 226, 226.7, 512, Wage Order 7, and/or other applicable law

**Seventh Cause of Action:**

21. For an award for the Class Members and Subclass Members for owed wages and penalties, plus interest pursuant to Labor Code section 226.7.

22. The exact amount of the applicable damages is an amount to be shown according to proof at

**FIRST AMENDED CLASS ACTION COMPLAINT—29**

trial and within the jurisdictional limits of the Court.

23. An award to Class Representative Plaintiff, the Class Members and Subclass Members of reasonable attorneys' fees and costs, pursuant to California Civil Procedure Code sections 1021.5 and California Labor Code sections 203, 218.5, 226, 226.7 and/or other applicable law

**Eighth Cause of Action:**

24. For an award for the Class Members and Subclass Members for owed wages, reimbursements of expenses and penalties, plus interest pursuant to Labor Code section 2802(a).

25. The exact amount of the applicable damages is an amount to be shown according to proof at trial and within the jurisdictional limits of the Court.

26. An award to Class Representative Plaintiff, the Class Members and Subclass Members of reasonable attorneys' fees and costs, pursuant to California Civil Procedure Code sections 1021.5 and California Labor Code sections 203, 218.5, 226, 226.7 and/or other applicable law

**Ninth Cause of Action:**

27. For an award for the Class Members and Subclass Members for owed wages, reimbursements of expenses and penalties, plus interest pursuant to Labor Code sections 212, 213, 221, 223 and 224;

28. The exact amount of the applicable damages is an amount to be shown according to proof at trial and within the jurisdictional limits of the Court.

29. An award to Class Representative Plaintiff, the Class Members and Subclass Members of reasonable attorneys' fees and costs, pursuant to California Civil Procedure Code sections 1021.5 and California Labor Code sections 203, 212, 213, 218.5, 221, 223, 224, 226, 226.7 and/or other applicable law

**As to All Causes of Action**:

30. For reasonable attorneys' fees and costs incurred

**FIRST AMENDED CLASS ACTION COMPLAINT—30**

31. Interest accrued to date under the California Labor Code, including under Sections 226.7;

32. For such other and further relief as this Court may deem just and proper.


Dated: August 20, 2019                                **Jackson Law, APC**


                                            By:_/s/ Armond M. Jackson
                                                Armond M. Jackson
                                                Attorneys for Plaintiff Jorge Chacon


## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff Jorge Chacon demands a jury trial in the above captioned matter.

Dated: August 20, 2019                                **Jackson Law, APC**


                                            By:_ /s/ Armond M. Jackson
                                                Armond M. Jackson
                                                Attorneys for Plaintiff Jorge Chacon


**FIRST AMENDED CLASS ACTION COMPLAINT—31**

# PROOF OF SERVICE
## STATE OF CALIFORNIA
## COUNTY OF ORANGE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action. My business address is 2 Venture Plaza, Ste. 240, Irvine, California 92618.

On November 22, 2019 referring to the foregoing document described as:

## THIRD AMENDED COMPLAINT

Was served on the interested parties in this action:

| | |
|---|---|
| Littler, P.C.<br>Sarah Ross<br>Sross.@littler.com<br>Tiffany Nicole Cruz, Esq,<br>tncruz@littler.com<br>2050 Main Street, Ste. 900<br>Irvine, California 92614<br>Tel: 949-705-3043<br>Fax: 949-271-5039 | Attorneys for Defendant Express Fashion Operations, LLC |
| BEVIN ALLEN PIKE (SBN 221936)<br>Bevin.Pike@capstonelawyers.com<br>ORLANDO VILLALBA (SBN 232165)<br>Orlando.Villalba@capstonelawyers.com<br>JOSEPH HAKAKIAN (SBN 323011)<br>Joseph.Hakakian@capstonelawyers.com<br>CAPSTONE LAW APC<br>1875 Century Park East, Suite 1000<br>Los Angeles, California 90067<br>Telephone:  (310) 556-4811<br>Facsimile:   (310) 943-0396 | Attorneys for Plaintiff |

**(XX) BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically
filed the document(s) with the Clerk of the Court by using CM/ECF
system. Participants in the case who are registered CM/ECF users will be
served by the CM/ECF system. Participants in the case who are not

**PLAINTIFF JORGE CHACON'S INITIAL DISCLOSURES**
**—4**

1
2
registered CM/ECF users will be served by mail or by other means permitted by the court rules.

3
4
Executed on November 22, 2019, at Irvine, California.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

5
6
11/22/2019    __ARMOND M. JACKSON__    /s/ Armond M. Jackson
DATE        (TYPE OR PRINT NAME)     (SIGNATURE OF DECLARANT)

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**PLAINTIFF JORGE CHACON'S INITIAL DISCLOSURES**
**—5**