Melissa Grant (SBN 205633)
Melissa.Grant@capstonelawyers.com
Bevin Allen Pike (SBN 221936)
Bevin.Pike@capstonelawyers.com
Orlando Villalba (SBN 232165)
Orlando.Villalba@capstonelawyers.com
Daniel S. Jonathan (SBN 262209)
Daniel.Jonathan@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:  (310) 556-4811
Facsimile:  (310) 943-0396

ARMOND M. JACKSON, Bar No. 281547
ajackson@jlaw-pc.com
JACKSON LAW, APC
2 Venture Plaza, Suite 240
Irvine, CA 92618
Telephone:  949.281.6857
Fax No.:     949.777.6218

Attorneys for Plaintiff Jorge Chacon

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE CHACON, as an individual and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EXPRESS FASHION OPERATIONS, LLC, a Delaware limited liability company, and DOES 1-50, inclusive,<br><br>Defendants. | Case No.:  8:19-cv-00564 JLS(DFMx)<br><br>ASSIGNED TO DISTRICT JUDGE JOSEPHINE L. STATON<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**<br><br>Date:  June 4, 2021<br>Time:  10:30 a.m.<br>Place:  Courtroom 10A |

**TO THIS COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**REQUEST FOR JUDICIAL NOTICE**

Pursuant to Federal Rule of Evidence 201 and common law, Plaintiff Rogelio Castro respectfully requests that this Court take judicial notice of the following records and documents with respect to Plaintiff's Motion for Class Certification:

1. California Division of Labor Standards Enforcement (DLSE) Opinion Letter re "Meal Periods Under IWC Order No. 14-2001", dated August 13, 2003, a copy of which is attached hereto as Exhibit 1.

Dated: January 11, 2021          Capstone Law APC

                                       By: */s/ Bevin Allen Pike*
                                             Melissa Grant
                                             Bevin Allen Pike
                                             Orlando Villalba
                                             Daniel Jonathan

                                             Jackson Law, APC
                                             Armond Jackson

                                             Attorneys for Plaintiff Joseph Chacon

# EXHIBIT "1"

STATE OF CALIFORNIA                                              GRAY DAVIS, Governor

DEPARTMENT OF INDUSTRIAL RELATIONS
DIVISION OF LABOR STANDARDS ENFORCEMENT
Santa Rosa Legal Section
50 D Street, Suite 360
Santa Rosa, CA 95404
(707) 576-6788

H. THOMAS CADELL, *Of Counsel*

RECEIVED
AUG 18 2003
COUNSEL'S OFFICE

August 13, 2003

Robert P. Roy
President/General Counsel
Ventura County Agricultural Assn.
P.O. Box 3117
Camarillo, CA  93011-3117

    Re:  **Meal Periods Under IWC Order No. 14-2001**

Dear Mr. Roy:

    Your letter of April 21, 2003, directed to Arthur Lujan, State Labor Commissioner, concerning the above-referenced subject has been assigned to this office for response on behalf of the Division of Labor Standards Enforcement.

    In your letter, you ask that the DLSE opine on the issue of whether the provisions of Order 14 meal period requirements differ from the requirements contained in the other IWC Orders. The answer is that in the opinion of the DLSE the provisions of Section 11 of Order 14 do differ substantially from the meal period requirements of the other IWC Orders and from the requirements of Labor Code § 512.

    As you point out in your letter, IWC Order 14, Section 11, provides:

> "Every employer shall <u>authorize</u> and <u>permit</u> all employees after a work period of not more than five (5) hours to take a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to." (Emphasis added)

    In contrast, Section 11 of each of the other orders reflects the mandatory language contained in Labor Code § 512 which provides, *inter alia*:

Robert P. Roy
August 13, 2003
Page 2

"An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes..."

The DLSE has consistently taken the position (see O.L. 2002.06.14) that the language contained in Labor Code § 512 and repeated in most of the wage orders:

"...is clear and unambiguous:

'No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes'..."

However, as you point out, Labor Code § 554 specifically excludes "persons employed in agricultural occupations" from the protections provided by AB 60. Consequently, while the employer must affirmatively "authorize and permit" a worker in the agricultural occupations[1] to take a meal period within each five-hour period, the employer is under no obligation to compel the worker to do so.

While the pre-1980 Orders had contained the meal period language "No employer shall employ any person...", currently contained in Labor Code § 512 and the other wage orders, that provision was amended in the 1980 Agricultural Wage Order (14-80) to provide that the employer must "authorize and permit" a meal period. The prohibitive language remained the same in all of the other wage orders.

The meal period requirements are contained in the wage orders to protect the health of the workers. This public policy issue must be enforced in such a way as to insure that these health concerns are adequately addressed. The current language of Order 14, Section 11, creates an affirmative duty on the employer of agricultural employees to "authorize and permit" those workers to take a 30-minute meal period within each five-hour time frame. The right of the employee to take the meal period is, thus, statutorily protected. In the event such a meal period is not taken by the employee, the burden is on the employer to show that the agricultural employee had been advised of his or her legal right to take a meal period and has knowingly and voluntarily decided not to take the meal period. Again, we emphasize, the burden is on the employer.

As a statutorily protected right, the decision to forego a meal period must be made personally by each worker on a daily basis. The decision to forego a meal period may not, therefore, be

---

[1] As that term is defined in Wage Order 14 operative January 1, 1998 (See Labor Code § 554)

Robert P. Roy
August 13, 2003
Page 3

based on a specific requirement of the employer or on a policy or practice which could reasonably be perceived to be a condition of employment. Therefore, blanket "waivers" of meal periods or "group" agreements to forego or forestall meal periods until later in the work day, whether written or oral, will not be considered valid.

Orders 8[2] and 13[3], two wage orders closely related to the agriculture work covered by Order 14, do provide (as Labor Code § 512 requires) that the employer is required to provide the employee with a meal period within the five-hour limit. We mention this only as a caution. Experience teaches that it is not unusual for agricultural workers to also be employed part of the day performing work covered by Order 13 or even Order 8. Those employees are protected by the provisions of Labor Code § 512 and the mandatory provisions of the applicable IWC Order.

We also point out that the provisions of IWC Order 14, Section 7(A)(3) provide that required time records must include:

> "Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded. Meal periods during which, operations cease and authorized rest periods need not be recorded."

Assuming that any agricultural employee, as defined in the Orders, chooses not to take a meal period despite the fact that they have been authorized and permitted to do so, the record must reflect the time in and out of those workers who did choose to take a meal period since all of the operations did not cease.

We hope this adequately addresses the issues you raised in your letter. Thank you for the reasoned arguments set out in your letter and your continued interest in California labor law.

Yours truly,

*H. Thomas Cadell, Jr.*

H. THOMAS CADELL, JR.
Attorney for the Labor Commissioner

---

[2] Industries Handling Products After Harvest.

[3] Industries Preparing Agricultural Products for Market, on the Farm.